IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHAVEZ PRICE | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-155 |
| BRAD LIVINGSTON, ET AL. | § | |

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Chavez Price, a prisoner confined at the Stiles Unit of the Texas Department of

Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil

rights action pursuant to 42 U.S.C. § 1983.  Plaintiff sought leave to proceed *in forma pauperis*.

The Court ordered that this matter be referred to the Honorable Keith F. Giblin, United States

Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of

this Court.  The magistrate judge recommends dismissing the complaint without prejudice for want

of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

The Court has received and considered the Report and Recommendation of United States

Magistrate Judge, along with the record and the pleadings.  In accordance with the Prison Litigation

Reform Act (PLRA), plaintiff was assessed an initial partial filing fee of $74.13.  The magistrate

judge recommended dismissing the action for want of prosecution because plaintiff failed to pay the

initial partial filing fee.   Plaintiff filed objections to the magistrate judge's Report and

Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and

the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the

objections are without merit.  Plaintiff objects to paying the filing fee and contends that the PLRA

is unconstitutional. Contrary to plaintiff's assertion, the PLRA payment provisions are constitutional.

*Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997).  Plaintiff argues that the Court should order

TDCJ to withhold the funds.  The procedures established by TDCJ require prisoners to sign one

document authorizing release of their financial information to the court, and a second document

authorizing withdrawals from their trust accounts.  Plaintiff does not allege that he signed the second

document authorizing payment.

Plaintiff has not paid the initial partial filing fee, signed the authorization for the money to

be released from his inmate account, or shown good cause for his failure to pay.  Plaintiff's inmate

account statement reflects that he had sufficient funds to pay the initial partial filing fee.  Plaintiff

had $102.84 in his inmate account at the time he requested leave to proceed *in forma pauperis*, and

he received a total of $430.00 in deposits during the previous six months.  Therefore, this action

should be dismissed without prejudice for want of prosecution.

### ORDER

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions

of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A

final judgment will be entered in this case in accordance with the magistrate judge's

recommendation.

**SIGNED** this the **13** day of **June, 2013.**

Thad Heartfield
United States District Judge